**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Eastern District** District of **New York**
(State)

Case number (*If known*): _____ Chapter **11**

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**

   **CB 60 LLC**

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**

   **8 5 – 1 4 2 8 5 7 0**

4. **Debtor's address**

   | Principal place of business | Mailing address, If different from principal place of business |
   |---|---|
   | **409 East 96th Street** | **93 E 38TH ST** |
   | Number      Street | Number      Street |
   | | P.O. Box |
   | **Brooklyn**       **NY**    **11212** | **BROOKLYN**       **NY**    **11203** |
   | City       State    ZIP Code | City       State    ZIP Code |
   | **KINGS-NY** | Location of principal assets, If different from principal place of business |
   | County | **409 East 96th Street** |
   | | Number      Street |
   | | **Brooklyn**       **NY**  **11212** |
   | | City       State   ZIP Code |

5. **Debtor's website (URL)**

| Debtor | **CB 60 LLC** | Case number *(if known)* |
|---|---|---|
| | Name | |

| | | |
|---|---|---|
| **6. Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | ☐ Partnership (excluding  LLP) |
| | ☐ Other. Specify: _____ |

| | | |
|---|---|---|
| **7. Describe debtor's business** | **A. Check one:** |
| | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | ☒ None of the above |
| | |
| | **B. Check all that apply:** |
| | ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | |
| | **C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . |
| | 4 8 5 9 |

| | | |
|---|---|---|
| **8. Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
| | ☐ Chapter 7 |
| | ☐ Chapter 9 |
| A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | ☒ Chapter 11. *Check all that apply*: |
| | ☒ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | ☐ A plan is being filed with this petition. |
| | ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| | ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| | ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | ☐ Chapter 12 |

Debtor     **CB 60 LLC**                                        Case number (if known)_____
           ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
           Name

---

9.  **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

    If more than 2 cases, attach a separate list.

    ☒ No

    ☐ Yes.  District _____  When _____  Case number _____
                                            MM / DD / YYYY

             District _____  When _____  Case number _____
                                            MM / DD / YYYY

---

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No

    ☒ Yes.  Debtor   **Thomas Phillips**              Relationship    **SOLE MEMBER**

             District   **Eastern District of New York**      When    **4/16/2024**
                                                                      MM / DD / YYYY

             Case number, if known  **1-24-41593-jmm**

---

11. **Why is the case filed in *this* district?**

    Check all that apply:

    ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☒ No

    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?**  *(Check all that apply.)*

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                              Number        Street

                              _____

                              _____
                              City                          State ZIP Code

    **Is the property insured?**

    ☐ No

    ☒ Yes. Insurance agency ⚓ _____

           Contact name    ⚓ _____

           Phone           ⚓ _____

---

**Statistical and administrative information**

---

| Debtor | **CB 60 LLC** | Case number (if known) |
|--------|---------------|------------------------|
|        | Name          |                        |

---

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☒ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☒ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

| **Request for Relief, Declaration, and Signatures** |
|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  4 / 17 / 2024
MM  / DD  / YYYY

X _____                    **Thomas Phillips**
Signature of authorized representative of debtor    Printed name

Title **SOLE MEMBER**

---

Debtor    **CB 60 LLC**　　　　　　　　　　　　　　　　Case number *(if known)*＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　Name

**18. Signature of attorney**　　✗ ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿　Date ＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　Signature of attorney for debtor　　　　　　MM  / DD / YYYY

　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　Printed name

　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　Firm name

　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　Number　　　Street

　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿　＿＿＿＿＿　＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　City　　　　　　　　　　　State　　　ZIP Code

　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　Contact phone　　　　　　　　Email address

　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿　＿＿＿＿＿＿＿
　　　　　　　　　　　　　Bar number　　　　　　　　　State

Fill in this information to identify the case and this filing:

Debtor Name    **CB 60 LLC**

United States Bankruptcy Court for the:    **EASTERN**    District of **NEW YORK**
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☒ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☒ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☒ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☒ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☒ *Schedule H: Codebtors* (Official Form 206H)

☒ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **4/17/2024**         ✗ _____
MM / DD / YYYY                         Signature of individual signing on behalf of debtor

**Thomas Phillips**
Printed name

**SOLE MEMBER**
Position or relationship to debtor

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor name</td><td><strong>CB 60 LLC</strong></td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td><strong>EASTERN</strong>    District of <strong>NEW YORK</strong><br>(State)</td></tr>
<tr><td>Case number (If known):</td><td>_____</td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 1 | ANDREW ROSENBLUM EQUITY TRUST COMPANY 6800 Jericho Turnpike, Suite 212E Syosset, NY 11791 | 165 Eileen Way, Suite 101 Syosset, New York 11791 516-921-3838; Alan Weinreb, Esq; Alan@nyfclaw.com | COMMERCIAL MORTGAGE | | 920,000 | 1,020,000 | |
| 2 | | | | | | | |
| 3 | | | | | | | |
| 4 | | | | | | | |
| 5 | | | | | | | |
| 6 | | | | | | | |
| 7 | | | | | | | |
| 8 | | | | | | | |

Debtor  **CB 60 LLC** _____    Case number (*if known*) _____
        Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | | | | | | |
| 10 | | | | | | |
| 11 | | | | | | |
| 12 | | | | | | |
| 13 | | | | | | |
| 14 | | | | | | |
| 15 | | | | | | |
| 16 | | | | | | |
| 17 | | | | | | |
| 18 | | | | | | |
| 19 | | | | | | |
| 20 | | | | | | |

<table>
<tr><td colspan="2">Fill in this information to identify the case:</td></tr>
<tr><td>Debtor name</td><td>CB 60 LLC</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>EASTERN    District of NEW YORK<br>(State)</td></tr>
<tr><td>Case number (If known):</td><td></td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:    Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

   ☒ No. Go to Part 2.
   ☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. **Cash on hand**    $_____0_____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1. _____ | _____ | ___ ___ ___ ___ | $_____ |
| 3.2. _____ | _____ | ___ ___ ___ ___ | $_____ |

4. **Other cash equivalents** *(Identify all)*

| 4.1. _____ | $_____ |
|---|---|
| 4.2. _____ | $_____ |

5. **Total of Part 1**

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.    $_____

### Part 2:    Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

   ☒ No. Go to Part 3.
   ☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

7. **Deposits, including security deposits and utility deposits**

   Description, including name of holder of deposit

| 7.1. _____ | $_____ |
|---|---|
| 7.2. _____ | $_____ |

Debtor ____CB 60 LLC_____          Case number (if known)_____
        Name

---

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

   Description, including name of holder of prepayment

   8.1._____          $_____

   8.2._____          $_____

9. **Total of Part 2.**

   Add lines 7 through 8. Copy the total to line 81.                                  $_____0_____

## Part 3:    Accounts receivable

10. **Does the debtor have any accounts receivable?**

    ☒ No. Go to Part 4.

    ☐ Yes. Fill in the information below.

                                                                                      Current value of debtor's
                                                                                      interest

11. **Accounts receivable**

    11a. 90 days old or less:  _____ – _____ = ........➔     $_____
                                face amount        doubtful or uncollectible accounts

    11b. Over 90 days old:     _____ – _____ = ........➔     $_____
                                face amount        doubtful or uncollectible accounts

12. **Total of Part 3**

    Current value on lines 11a + 11b = line 12. Copy the total to line 82.               $_____0_____

## Part 4:    Investments

13. **Does the debtor own any investments?**

    ☒ No. Go to Part 5.

    ☐ Yes. Fill in the information below.

                                                    Valuation method            Current value of debtor's
                                                    used for current value      interest

14. **Mutual funds or publicly traded stocks not included in Part 1**

    Name of fund or stock:

    14.1._____     _____          $_____

    14.2._____     _____          $_____

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

    Name of entity:                          % of ownership:

    15.1._____     _____%     _____          $_____

    15.2._____     _____%     _____          $_____

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

    Describe:

    16.1._____     _____          $_____

    16.2._____     _____          $_____

17. **Total of Part 4**

    Add lines 14 through 16. Copy the total to line 83.                                  $_____0_____

---

Debtor     __CB 60 LLC_____     Case number (if known)_____
           Name

## Part 5:  Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**

    ☒ No. Go to Part 6.

    ☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| _____ | MM / DD / YYYY | $_____ | _____ | $_____ |
| **20. Work in progress** | | | | |
| _____ | MM / DD / YYYY | $_____ | _____ | $_____ |
| **21. Finished goods, including goods held for resale** | | | | |
| _____ | MM / DD / YYYY | $_____ | _____ | $_____ |
| **22. Other inventory or supplies** | | | | |
| _____ | MM / DD / YYYY | $_____ | _____ | $_____ |

23. **Total of Part 5**

    Add lines 19 through 22. Copy the total to line 84.                                         $_____0__

24. **Is any of the property listed in Part 5 perishable?**

    ☒ No

    ☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

    ☒ No

    ☐ Yes. Book value _____  Valuation method_____  Current value_____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

    ☒ No

    ☐ Yes

## Part 6:  Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

    ☒ No. Go to Part 7.

    ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| _____ | $_____ | _____ | $_____ |
| **29. Farm animals** Examples: Livestock, poultry, farm-raised fish | | | |
| _____ | $_____ | _____ | $_____ |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| _____ | $_____ | _____ | $_____ |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| _____ | $_____ | _____ | $_____ |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| | $_____ | | $_____ |

Debtor     __CB 60 LLC_____       Case number (if known)_____
              Name

33. **Total of Part 6.**
    Add lines 28 through 32. Copy the total to line 85.             $_____0_____

34. **Is the debtor a member of an agricultural cooperative?**

    ☒ No
    ☐ Yes. Is any of the debtor's property stored at the cooperative?

       ☐ No
       ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

    ☒ No
    ☐ Yes. Book value $_____ Valuation method _____ Current value $_____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

    ☒ No
    ☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

    ☒ No
    ☐ Yes

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

    ☒ No. Go to Part 8.
    ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
| _____ | $_____ | _____ | $_____ |
| 40. **Office fixtures** | | | |
| _____ | $_____ | _____ | $_____ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| _____ | $_____ | _____ | $_____ |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1_____ | $_____ | _____ | $_____ |
| 42.2_____ | $_____ | _____ | $_____ |
| 42.3_____ | $_____ | _____ | $_____ |

43. **Total of Part 7.**
    Add lines 39 through 42. Copy the total to line 86.             $_____0_____

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

    ☒ No
    ☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

    ☒ No
    ☐ Yes

Debtor    CB 60 LLC                                      Case number (if known)_____
           Name

---

## Part 8:  Machinery, equipment, and vehicles

46. Does the debtor own or lease any machinery, equipment, or vehicles?

☒ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | (Where available) | | |

47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles

| | | | |
|---|---|---|---|
| 47.1_____ | $_____ | _____ | $_____ |
| 47.2_____ | $_____ | _____ | $_____ |
| 47.3_____ | $_____ | _____ | $_____ |
| 47.4_____ | $_____ | _____ | $_____ |

48. Watercraft, trailers, motors, and related accessories Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

| | | | |
|---|---|---|---|
| 48.1_____ | $_____ | _____ | $_____ |
| 48.2_____ | $_____ | _____ | $_____ |

49. Aircraft and accessories

| | | | |
|---|---|---|---|
| 49.1_____ | $_____ | _____ | $_____ |
| 49.2_____ | $_____ | _____ | $_____ |

50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)

| | | | |
|---|---|---|---|
| _____ | $_____ | _____ | $_____ |

51. Total of Part 8.
Add lines 47 through 50. Copy the total to line 87.                  $_____ 0 _____

52. Is a depreciation schedule available for any of the property listed in Part 8?

☒ No

☐ Yes

53. Has any of the property listed in Part 8 been appraised by a professional within the last year?

☒ No

☐ Yes

Debtor      __CB 60 LLC__                                     Case number *(if known)*_____
                 Name

## Part 9:    Real property

54. **Does the debtor own or lease any real property?**

☐ No. Go to Part 10.

☒ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1  409 East 96th Street Brooklyn, NY 11212 | FEE SIMPLE | $ UNKNOWN | APPRAISAL / BPO | $ 1,020,000 |
| 55.2 _____ | _____ | $_____ | _____ | $_____ |
| 55.3 _____ | _____ | $_____ | _____ | $_____ |
| 55.4 _____ | _____ | $_____ | _____ | $_____ |
| 55.5 _____ | _____ | $_____ | _____ | $_____ |
| 55.6 _____ | _____ | $_____ | _____ | $_____ |

56. **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$ 1,020,000

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

☒ No

☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☒ No

☐ Yes

## Part 10:    Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**

☒ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** _____ | $_____ | | $_____ |
| 61. **Internet domain names and websites** _____ | $_____ | | $_____ |
| 62. **Licenses, franchises, and royalties** _____ | $_____ | | $_____ |
| 63. **Customer lists, mailing lists, or other compilations** _____ | $_____ | | $_____ |
| 64. **Other intangibles, or intellectual property** _____ | $_____ | | $_____ |
| 65. **Goodwill** _____ | $_____ | | $_____ |

66. **Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$ 0

Debtor    __CB 60 LLC_____    Case number *(if known)*_____
             Name

---

| **Part 12:** | **Summary** |

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. Cash, cash equivalents, and financial assets. *Copy line 5, Part 1.* | $_____ | |
| 81. Deposits and prepayments. *Copy line 9, Part 2.* | $_____ | |
| 82. Accounts receivable. *Copy line 12, Part 3.* | $_____ | |
| 83. Investments. *Copy line 17, Part 4.* | $_____ | |
| 84. Inventory. *Copy line 23, Part 5.* | $_____ | |
| 85. Farming and fishing-related assets. *Copy line 33, Part 6.* | $_____ | |
| 86. Office furniture, fixtures, and equipment; and collectibles. *Copy line 43, Part 7.* | $_____ | |
| 87. Machinery, equipment, and vehicles. *Copy line 51, Part 8.* | $_____ | |
| 88. Real property. *Copy line 56, Part 9.* ................................................➔ | | $___1,020,000_____ |
| 89. Intangibles and intellectual property. *Copy line 66, Part 10.* | $_____ | |
| 90. All other assets. *Copy line 78, Part 11.* | + $_____ | |
| 91. Total. Add lines 80 through 90 for each column. ...........................91a. | $_____ | + 91b. $___1,020,000_____ |

92. Total of all property on Schedule A/B.  Lines 91a + 91b = 92. ...................................................................................  $__1,020,000_____

---

Debtor     **CB 60 LLC**_____     Case number (if known)_____
           Name

67.  **Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C. §§ 101(41A) and 107)?**

☒  No

☐  Yes

68.  **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☒  No

☐  Yes

69.  **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☒  No

☐  Yes

## Part 11:   All other assets

70.  **Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☒  No. Go to Part 12.

☐  Yes. Fill in the information below.

|  |  | Current value of debtor's interest |
|---|---|---|

71.  **Notes receivable**

Description (include name of obligor)

_____   _____  —  _____  =➔  $_____
                            Total face amount         doubtful or uncollectible amount

72.  **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

_____   Tax year _____  $_____
_____   Tax year _____  $_____
_____   Tax year _____  $_____

73.  **Interests in insurance policies or annuities**

_____              $_____

74.  **Causes of action against third parties (whether or not a lawsuit has been filed)**

_____              $_____

Nature of claim         _____

Amount requested        $_____

75.  **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

_____              $_____

Nature of claim         _____

Amount requested        $_____

76.  **Trusts, equitable or future interests in property**

_____              $_____

77.  **Other property of any kind not already listed**  *Examples:* Season tickets, country club membership

_____                  $_____
_____                  $_____

78.  **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.          $_____  0

79.  **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☒  No

☐  Yes

**Fill in this information to identify the case:**

Debtor name ___CB 60 LLC___

United States Bankruptcy Court for the: ___EASTERN___ District of ___NEW YORK___
(State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property    12/15

Be as complete and accurate as possible.

1. **Do any creditors have claims secured by debtor's property?**
   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☐ Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|

**2.1** Creditor's name
ANDREW ROSENBLUM EQUITY TRUST COMPANY CUSTODIAN FBO BERNARD ROSENBLUM IRA

Describe debtor's property that is subject to a lien
___4-FAMILY HOUSE___

Amount of claim: $  920,000          Value of collateral: $ 1,020,000

Creditor's mailing address
6800 Jericho Turnpike,
Suite 212E
Syosset, NY 11791

Describe the lien
___COMMERCIAL MORTGAGE___

Creditor's email address, if known

**Is the creditor an insider or related party?**
☒ No
☐ Yes

Date debt was incurred  12/2020

**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

Last 4 digits of account number  ___ ___ ___ ___

Do multiple creditors have an interest in the same property?
☒ No
☐ Yes. Specify each creditor, including this creditor, and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

_____
_____

**2.2** Creditor's name
_____

Describe debtor's property that is subject to a lien
_____

$_____          $_____

Creditor's mailing address
_____
_____

Describe the lien
_____

Creditor's email address, if known

**Is the creditor an insider or related party?**
☐ No
☐ Yes

Date debt was incurred _____

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

Last 4 digits of account number  ___ ___ ___ ___

Do multiple creditors have an interest in the same property?
☐ No
☐ Yes. Have you already specified the relative priority?
  ☐ No. Specify each creditor, including this creditor, and its relative priority.
  _____

  ☐ Yes. The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**          $  920,000

Debtor    **CB 60 LLC**
_____
Name

Case number (if known)_____

| Part 1: | Additional Page | Column A<br>**Amount of claim**<br>Do not deduct the value<br>of collateral. | Column B<br>**Value of collateral<br>that supports this<br>claim** |

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

---

**2.__**

**Creditor's name**
_____

**Creditor's mailing address**
_____
_____
_____

**Creditor's email address, if known**
_____

**Date debt was incurred** _____

**Last 4 digits of account number** ___ ___ ___ ___

**Do multiple creditors have an interest in the same property?**
☐ No
☐ Yes. Have you already specified the relative priority?

  ☐ No. Specify each creditor, including this creditor, and its relative priority.
  _____
  _____
  _____

  ☐ Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**
_____
_____
_____
_____

**Describe the lien**
_____

**Is the creditor an insider or related party?**
☐ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

$_____    $_____

---

**2.__**

**Creditor's name**
_____

**Creditor's mailing address**
_____
_____
_____

**Creditor's email address, if known**
_____

**Date debt was incurred** _____

**Last 4 digits of account number** ___ ___ ___ ___

**Do multiple creditors have an interest in the same property?**
☐ No
☐ Yes. Have you already specified the relative priority?

  ☐ No. Specify each creditor, including this creditor, and its relative priority.
  _____
  _____
  _____

  ☐ Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**
_____
_____
_____
_____

**Describe the lien**
_____

**Is the creditor an insider or related party?**
☐ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

$_____    $_____

---

| Debtor | CB 60 LLC | Case number (if known) |
|---|---|---|
| | Name | |

## Part 2:  List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |

```
Fill in this information to identify the case:

Debtor            CB 60 LLC
                  _____

United States Bankruptcy Court for the:    EASTERN        District of NEW YORK
                                                                    (State)

Case number   _____
(if known)
```

❑ Check if this is an
   amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

## Part 1:    List All Creditors with PRIORITY Unsecured Claims

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☒ No. Go to Part 2.

❑ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  | | Total claim | Priority amount |
|---|---|---|---|

**2.1** Priority creditor's name and mailing address

_____

_____

_____

**Date or dates debt was incurred**

_____

**Last 4 digits of account number**  ___ ___ ___ ___

**Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (_____)**

As of the petition filing date, the claim is:  $_____        $_____
*Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**
❑ No
❑ Yes

**2.2** Priority creditor's name and mailing address

_____

_____

_____

**Date or dates debt was incurred**

_____

**Last 4 digits of account number**  ___ ___ ___ ___

**Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (_____)**

As of the petition filing date, the claim is:  $_____        $_____
*Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**
❑ No
❑ Yes

**2.3** Priority creditor's name and mailing address

_____

_____

_____

**Date or dates debt was incurred**

_____

**Last 4 digits of account number**  ___ ___ ___ ___

**Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (_____)**

As of the petition filing date, the claim is:  $_____        $_____
*Check all that apply.*
❑ Contingent
❑ Unliquidated
❑ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**
❑ No
❑ Yes

| Debtor | CB 60 LLC | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

## Part 1.  Additional Page

Copy this page if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional PRIORITY creditors exist, do not fill out or submit this page.

| | | Total claim | Priority amount |
|---|---|---|---|

**2._** Priority creditor's name and mailing address

_____

_____

_____

Date or dates debt was incurred

_____

Last 4 digits of account number  ___ ___ ___ ___

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (____)

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:

_____

Is the claim subject to offset?
☐ No
☐ Yes

$_____    $_____

---

**2._** Priority creditor's name and mailing address

_____

_____

_____

Date or dates debt was incurred

_____

Last 4 digits of account number  ___ ___ ___ ___

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (____)

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:

_____

Is the claim subject to offset?
☐ No
☐ Yes

$_____    $_____

---

**2._** Priority creditor's name and mailing address

_____

_____

_____

Date or dates debt was incurred

_____

Last 4 digits of account number  ___ ___ ___ ___

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (____)

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:

_____

Is the claim subject to offset?
☐ No
☐ Yes

$_____    $_____

---

**2._** Priority creditor's name and mailing address

_____

_____

_____

Date or dates debt was incurred

_____

Last 4 digits of account number  ___ ___ ___ ___

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (____)

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:

_____

Is the claim subject to offset?
☐ No
☐ Yes

$_____    $_____

| Debtor | **CB 60 LLC** | Case number (if known) _____ |
|---|---|---|
| | Name | |

<table>
<tr><td colspan="2" style="background:black;color:white">**Part 2:** **List All Creditors with NONPRIORITY Unsecured Claims**</td></tr>
</table>

3.  **List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.**

**Amount of claim**

**3.1** Nonpriority creditor's name and mailing address

_____

_____

_____

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim: _____

Date or dates debt was incurred        _____

Last 4 digits of account number        ___ ___ ___ ___

Is the claim subject to offset?
- ☐ No
- ☐ Yes

$_____

**3.2** Nonpriority creditor's name and mailing address

_____

_____

_____

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim: _____

Date or dates debt was incurred        _____

Last 4 digits of account number        ___ ___ ___ ___

Is the claim subject to offset?
- ☐ No
- ☐ Yes

$_____

**3.3** Nonpriority creditor's name and mailing address

_____

_____

_____

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim: _____

Date or dates debt was incurred        _____

Last 4 digits of account number        ___ ___ ___ ___

Is the claim subject to offset?
- ☐ No
- ☐ Yes

$_____

**3.4** Nonpriority creditor's name and mailing address

_____

_____

_____

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim: _____

Date or dates debt was incurred        _____

Last 4 digits of account number        ___ ___ ___ ___

Is the claim subject to offset?
- ☐ No
- ☐ Yes

$_____

**3.5** Nonpriority creditor's name and mailing address

_____

_____

_____

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim: _____

Date or dates debt was incurred        _____

Last 4 digits of account number        ___ ___ ___ ___

Is the claim subject to offset?
- ☐ No
- ☐ Yes

$_____

**3.6** Nonpriority creditor's name and mailing address

_____

_____

_____

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim: _____

Date or dates debt was incurred        _____

Last 4 digits of account number        ___ ___ ___ ___

Is the claim subject to offset?
- ☐ No
- ☐ Yes

$_____

Debtor    **CB 60 LLC**                                    Case number (if known)_____
_____
Name

| Part 2: | Additional Page |

| | Amount of claim |

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page.

**3.___** Nonpriority creditor's name and mailing address

_____

_____

_____

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed
☐ Liquidated and neither contingent nor disputed

Basis for the claim: _____

Date or dates debt was incurred    _____

Last 4 digits of account number    __ __ __ __

**Is the claim subject to offset?**
☐ No
☐ Yes

$_____

---

**3.___** Nonpriority creditor's name and mailing address

_____

_____

_____

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

Date or dates debt was incurred    _____

Last 4 digits of account number    __ __ __ __

**Is the claim subject to offset?**
☐ No
☐ Yes

$_____

---

**3.___** Nonpriority creditor's name and mailing address

_____

_____

_____

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

Date or dates debt was incurred    _____

Last 4 digits of account number    __ __ __ __

**Is the claim subject to offset?**
☐ No
☐ Yes

$_____

---

**3.___** Nonpriority creditor's name and mailing address

_____

_____

_____

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

Date or dates debt was incurred    _____

Last 4 digits of account number    __ __ __ __

**Is the claim subject to offset?**
☐ No
☐ Yes

$_____

---

**3.___** Nonpriority creditor's name and mailing address

_____

_____

_____

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

Date or dates debt was incurred    _____

Last 4 digits of account number    __ __ __ __

**Is the claim subject to offset?**
☐ No
☐ Yes

$_____

---

Debtor     **CB 60 LLC**
       Name                                        Case number *(if known)*_____

---

### Part 3:    List Others to Be Notified About Unsecured Claims

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| 4.1. | Line ____ <br> ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.2. | Line ____ <br> ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.3. | Line ____ <br> ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.4. | Line ____ <br> ☐ Not listed. Explain _____ | __ __ __ __ |
| 41. | Line ____ <br> ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.5. | Line ____ <br> ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.6. | Line ____ <br> ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.7. | Line ____ <br> ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.8. | Line ____ <br> ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.9. | Line ____ <br> ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.10. | Line ____ <br> ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.11. | Line ____ <br> ☐ Not listed. Explain _____ | __ __ __ __ |

Debtor  CB 60 LLC
_____
         Name

Case number (if known)_____

| Part 3: | Additional Page for Others to Be Notified About Unsecured Claims |
|---------|------------------------------------------------------------------|

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|--------------------------|----------------------------------------------------------------------------|------------------------------------------|
| 4.__ | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.__ | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.__ | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.__ | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.__ | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.__ | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.__ | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.__ | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.__ | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.__ | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.__ | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.__ | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.__ | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |
| 4.__ | Line ____  ☐ Not listed. Explain _____ | __ __ __ __ |

Debtor      **CB 60 LLC**
_____      Case number (*if known*)_____
            Name

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

5.  Add the amounts of priority and nonpriority unsecured claims.

**Total of claim amounts**

5a.  **Total claims from Part 1**          5a.    $_____ 0 _____

5b.  **Total claims from Part 2**          5b.  **+**  $_____ 0 _____

5c.  **Total of Parts 1 and 2**            5c.    $_____ 0 _____
     Lines 5a + 5b = 5c.

Fill in this information to identify the case:

Debtor name __CB 60 LLC__

United States Bankruptcy Court for the: __EASTERN__ District of __NEW YORK__
(State)

Case number (If known): _____    Chapter ____

☐ Check if this is an
amended filing

## Official Form 206G
# Schedule G: Executory Contracts and Unexpired Leases          12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☒ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

2. **List all contracts and unexpired leases**      **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease**

| 2.1 | State what the contract or lease is for and the nature of the debtor's interest | _____ | _____ |
| | State the term remaining | _____ | _____ |
| | List the contract number of any government contract | _____ | _____ |

| 2.2 | State what the contract or lease is for and the nature of the debtor's interest | _____ | _____ |
| | State the term remaining | _____ | _____ |
| | List the contract number of any government contract | _____ | _____ |

| 2.3 | State what the contract or lease is for and the nature of the debtor's interest | _____ | _____ |
| | State the term remaining | _____ | _____ |
| | List the contract number of any government contract | _____ | _____ |

| 2.4 | State what the contract or lease is for and the nature of the debtor's interest | _____ | _____ |
| | State the term remaining | _____ | _____ |
| | List the contract number of any government contract | _____ | _____ |

| 2.5 | State what the contract or lease is for and the nature of the debtor's interest | _____ | _____ |
| | State the term remaining | _____ | _____ |
| | List the contract number of any government contract | _____ | _____ |

Debtor    **CB 60 LLC**                           Case number *(if known)*_____
_____
       Name

## ▮ Additional Page if Debtor Has More Executory Contracts or Unexpired Leases

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|

**2._** State what the contract or lease is for and the nature of the debtor's interest

State the term remaining

List the contract number of any government contract

**2._** State what the contract or lease is for and the nature of the debtor's interest

State the term remaining

List the contract number of any government contract

**2._** State what the contract or lease is for and the nature of the debtor's interest

State the term remaining

List the contract number of any government contract

**2._** State what the contract or lease is for and the nature of the debtor's interest

State the term remaining

List the contract number of any government contract

**2._** State what the contract or lease is for and the nature of the debtor's interest

State the term remaining

List the contract number of any government contract

**2._** State what the contract or lease is for and the nature of the debtor's interest

State the term remaining

List the contract number of any government contract

**2._** State what the contract or lease is for and the nature of the debtor's interest

State the term remaining

List the contract number of any government contract

---

**Fill in this information to identify the case:**

Debtor name _____ **CB 60 LLC** _____

United States Bankruptcy Court for the: _____ **EASTERN** _____ District of **NEW YORK**
(State)

Case number (If known): _____

---

☐ Check if this is an
amended filing

## Official Form 206H

# Schedule H: Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach
the Additional Page to this page.

1. **Does the debtor have any codebtors?**

   ☒ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☐ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of**
   **creditors,** *Schedules D-G.* **Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each**
   **schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.**

| Column 1: Codebtor | | | Column 2: Creditor | |
|---|---|---|---|---|
| **Name** | **Mailing address** | | **Name** | Check all schedules that apply: |
| 2.1 _____ | _____ Street _____ _____ City        State        ZIP Code | | _____ | ☐ D ☐ E/F ☐ G |
| 2.2 _____ | _____ Street _____ _____ City        State        ZIP Code | | _____ | ☐ D ☐ E/F ☐ G |
| 2.3 _____ | _____ Street _____ _____ City        State        ZIP Code | | _____ | ☐ D ☐ E/F ☐ G |
| 2.4 _____ | _____ Street _____ _____ City        State        ZIP Code | | _____ | ☐ D ☐ E/F ☐ G |
| 2.5 _____ | _____ Street _____ _____ City        State        ZIP Code | | _____ | ☐ D ☐ E/F ☐ G |
| 2.6 _____ | _____ Street _____ _____ City        State        ZIP Code | | _____ | ☐ D ☐ E/F ☐ G |

Debtor     CB 60 LLC _____     Case number (if known)_____
             Name

## Additional Page if Debtor Has More Codebtors

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| Name | Mailing address | Name | Check all schedules that apply: |

2.__ _____    Street _____    _____    ❏ D ❏ E/F ❏ G

    City    State    ZIP Code

2.__ _____    Street _____    _____    ❏ D ❏ E/F ❏ G

    City    State    ZIP Code

2.__ _____    Street _____    _____    ❏ D ❏ E/F ❏ G

    City    State    ZIP Code

2.__ _____    Street _____    _____    ❏ D ❏ E/F ❏ G

    City    State    ZIP Code

2.__ _____    Street _____    _____    ❏ D ❏ E/F ❏ G

    City    State    ZIP Code

2.__ _____    Street _____    _____    ❏ D ❏ E/F ❏ G

    City    State    ZIP Code

2.__ _____    Street _____    _____    ❏ D ❏ E/F ❏ G

    City    State    ZIP Code

2.__ _____    Street _____    _____    ❏ D ❏ E/F ❏ G

    City    State    ZIP Code

Fill in this information to identify the case:

Debtor name **CB 60 LLC**

United States Bankruptcy Court for the: **EASTERN** District of **NEW YORK**
(State)

Case number (If known): _____

☐ Check if this is an
amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals          12/15

---

**Part 1:    Summary of Assets**

---

1. *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B*.............................................................................    $ *1,020,000*

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B*...........................................................................    $ _____ *0*

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B*.............................................................................    $ *1,020,000*

---

**Part 2:    Summary of Liabilities**

---

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D*............................    $ *920,000*

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*..................................    $ _____ *0*

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*........    + $ _____ *0*

4. **Total liabilities**...........................................................................................................    $ *920,000*
   Lines 2 + 3a + 3b

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK

------------------------------------------------------x

**In Re:**

                                     **Case No.**

                                     **Chapter** 11

## CB 60 LLC

                      **Debtor(s)**

------------------------------------------------------x

## <u>VERIFICATION OF CREDITOR MATRIX/LIST OF CREDITORS</u>

        The undersigned debtor(s) or attorney for the debtor(s) hereby verifies that the creditor matrix/list of creditors submitted herein is true and correct to the best of his or her knowledge.

Dated: Brooklyn, New York
       April 16, 2024

x _____   *April 16 2024*
Debtor    **CB 60 LLC**

_____
Joint Debtor

s/
_____
Attorney for Debtor

ANDREW ROSENBLUM
EQUITY TRUST COMPANY
CUSTODIAN FBO BERNARD ROSENBLUM IRA
6800 Jericho Turnpike,
Suite 212E
Syosset, NY 11791

Alan Weinreb, Esq.
MARGOLIN, WEINREB & NIERER, LLP
165 Eileen Way
Suite 101
Syosset, New York 11791

Arthur Greig, Esq.
98 Riverside Drive
New York, NY 10024

Sasha Gaye N. Jackson
106 Livonia Avenue #1
Brooklyn, NY 11212

New York City Parking Violations Bureau
100 Church Street
13t Floor
New York, NY 10007

New York City Environmental Control Board
100 Church Street
1st Floor
New York, NY 10007

New York State Department of Taxation Finance
Building # 9
W.A. Harriman Campus
Albany, NY 12227

New York City Department of Finance
100 Church Street
1st Floor
New York, NY 10007

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK
### www.nyeb.uscourts.gov

## STATEMENT PURSUANT TO LOCAL
## BANKRUPTCY RULE 1073-2(b)

DEBTOR(S): __**CB 60 LLC**_____    CASE NO.:_____

Pursuant to Local Bankruptcy Rule 1073-2(b), the debtor (or any other petitioner) hereby makes the following disclosure concerning Related Cases, to the petitioner's best knowledge, information and belief:

[NOTE: Cases shall be deemed "Related Cases" for purposes E.D.N.Y LBR 1073-1 and E.D.N.Y LBR 1073-2 if the earlier case was pending at any time within eight years before the filing of the new petition, and the debtors in such cases (i) are the same; (ii) are spouses or ex-spouses; (iii) are affiliates, as defined in 11 U.S.C. § 101(2); (iv) are general partners in the same partnership; (v) are a partnership and one more of its general partners; (vi) are partnerships which share one or more common general partners; or (vii) have, or within 180 days of the commencement of either of the Related Cases had, an interest in property that was or is included in the property of another estate under 11 U.S.C. § 541(a).]

☑ **NO ORDER BARRING DEBTOR FROM FILING A PETITION UNDER ANY CHAPTER IS IN EFFECT.**

☑ **NO RELATED CASE IS PENDING OR HAS BEEN PENDING AT ANY TIME.**

☐ **THE FOLLOWING RELATED CASE(S) IS PENDING OR HAS BEEN PENDING:**

1. CASE NO.:_____ JUDGE:_____ DISTRICT/DIVISION:_____

   CASE PENDING: (YES/NO):_____ *[If closed]* Date of Closing:_____

   CURRENT STATUS OF RELATED CASE:_____
   **(Discharged/awaiting discharge, confirmed, dismissed, etc.)**

   MANNER IN WHICH CASES ARE RELATED: *(Refer to NOTE above)*:_____

- **SCHEDULE A/B: PROPERTY "OFFICIAL FORM 106A/B - <u>INDIVIDUAL</u>" PART 1 (REAL PROPERTY):**
  REAL PROPERTY AS LISTED IN DEBTOR'S SCHEDULE "A/B – PART 1" WHICH WAS ALSO LISTED IN SCHEDULE "A/B" OF RELATED CASES:_____

- **SCHEDULE A/B: ASSETS – REAL PROPERTY "OFFICIAL FORM 206A/B - <u>NON-INDIVIDUAL</u>" PART 9 (REAL PROPERTY):**
  REAL PROPERTY AS LISTED IN DEBTOR'S SCHEDULE "A/B – PART 9" WHICH WAS ALSO LISTED IN SCHEDULE "A/B" OF RELATED CASES:_____

2. CASE NO.:_____ JUDGE:_____ DISTRICT/DIVISION:_____

   CASE PENDING: (YES/NO):_____ *[If closed]* Date of Closing:_____

   CURRENT STATUS OF RELATED CASE:_____
   **(Discharged/awaiting discharge, confirmed, dismissed, etc.)**

   MANNER IN WHICH CASES ARE RELATED: *(Refer to NOTE above)*:_____

- **SCHEDULE A/B: PROPERTY "OFFICIAL FORM 106A/B - <u>INDIVIDUAL</u>" PART 1 (REAL PROPERTY):**
  REAL PROPERTY AS LISTED IN DEBTOR'S SCHEDULE "A/B – PART 1" WHICH WAS ALSO LISTED IN SCHEDULE "A/B" OF RELATED CASES:_____

- **SCHEDULE A/B: ASSETS – REAL PROPERTY "OFFICIAL FORM 206A/B - <u>NON-INDIVIDUAL</u>" PART 9 (REAL PROPERTY):**
  REAL PROPERTY AS LISTED IN DEBTOR'S SCHEDULE "A/B – PART 9" WHICH WAS ALSO LISTED IN SCHEDULE "A/B" OF RELATED CASES:_____

1

**[OVER]**

**DISCLOSURE OF RELATED CASES (cont'd)**

3.  **CASE NO.:** _____ **JUDGE:** _____ **DISTRICT/DIVISION:** _____

    **CASE PENDING: (YES/NO):** _____ *[If closed]* **Date of Closing:** _____

    **CURRENT STATUS OF RELATED CASE:** _____
    (Discharged/awaiting discharge, confirmed, dismissed, etc.)

    **MANNER IN WHICH CASES ARE RELATED:** (*Refer to NOTE above*): _____

- **SCHEDULE A/B: PROPERTY "OFFICIAL FORM 106A/B - INDIVIDUAL" PART 1 (REAL PROPERTY):**
  REAL PROPERTY AS LISTED IN DEBTOR'S SCHEDULE "A/B – PART 1" WHICH WAS ALSO LISTED IN SCHEDULE "A/B" OF
  RELATED CASES: _____

- **SCHEDULE A/B: ASSETS – REAL PROPERTY "OFFICIAL FORM 206A/B - NON-INDIVIDUAL" PART 9 (REAL PROPERTY):**
  REAL PROPERTY AS LISTED IN DEBTOR'S SCHEDULE "A/B – PART 9" WHICH WAS ALSO LISTED IN SCHEDULE "A/B" OF
  RELATED CASES: _____

**NOTE:** Pursuant to 11 U.S.C. § 109(g), certain individuals who have had prior cases dismissed within the preceding 180 days may not
be eligible to be debtors. Such an individual will be required to file a statement in support of his/her eligibility to file.

**TO BE COMPLETED BY DEBTOR/PETITIONER'S ATTORNEY, AS APPLICABLE:**

I am admitted to practice in the Eastern District of New York (Y/N): _____

**CERTIFICATION (to be signed by pro-se debtor/petitioner or debtor/petitioner's attorney, as applicable):**

I certify under penalty of perjury that:
- The within bankruptcy case is not related to any case pending, or pending within the last eight years, except as
  indicated on this form.
- I, the above-named debtor, am currently not barred by any order of this court from filing for bankruptcy.

_____          _____
**Signature of Debtor's Attorney**                **Signature of Pro-se Debtor/Petitioner**

                                          **409 East 96th Street**
                                          Mailing address of Debtor/Petitioner

                                          **Brooklyn, NY 11212**
                                          City, State, Zip Code

                                          **bizny2021@outlook.com**
                                          Email Address

                                          **646-474-7788**
                                          Area Code and Telephone Number

**Failure to fully and truthfully provide all information required by the E.D.N.Y. LBR 1073-2 Statement may subject the debtor or any
other petitioner and their attorney to appropriate sanctions, including without limitation conversion, the appointment of a trustee or
the dismissal of the case with prejudice.**

**NOTE:** Any change in address must be reported to the Court immediately IN WRITING. Dismissal of your petition may otherwise
result.

**OPERATING AGREEMENT**

**OF**

_____ **CB 60 LLC**\_\_\_\_\_

Table of Contents

Article 1.  Formation
Article 2.  Name
Article 3.  Purposes
Article 4.  Place of Business
Article 5.  Term
Article 6.  Capital Contributions
Article 7.  Loans and Advances by Members
Article 8.  Allocations and Distributions
Article 9.  Books, Records and Tax Returns
Article 10.  Bank Accounts
Article 11.  Management of the Limited Liability Company
Article 12.  Meetings of Members
Article 13.  Assignment of Interests
Article 14.  Right of First Refusal
Article 15.  Admission of New Members
Article 16.  Dissolution and Liquidation
Article 17.  Representations of Members
Article 18.  Notices
Article 19.  Amendments
Article 20.  Miscellaneou

**AGREEMENT**, made 20th October , 2023, between _ ___ Ivylin
Larman_____, having an address at __93 East 38th Street Brooklyn New York 11203
_____ Thomas Phillips_____, having an
address at 409 East 96th Street **Brooklyn NY 11212**
11203_____ (collectively
hereinafter referred to as "Members").


## W I T N E S S E T H :

**WHEREAS**, the parties hereto desire to form a limited liability company pursuant
to the laws of the State of New York for the purposes hereinafter set forth, and to establish their
respective rights and obligations in connection with the limited liability company;

**NOW, THEREFORE**, in consideration of the mutual covenants set forth herein
and other valuable consideration, the receipt and sufficiency of which hereby are acknowledged,
the Members agree as follows:


### 1.  Formation

The parties hereby confirm that they have formed a limited liability company (the
"Limited Liability Company") pursuant to the provisions of the New York Limited Liability
Company Act, for the purposes and the period and upon the terms and conditions hereinafter set
forth.  The parties have caused to be filed the Articles of Organization of the Limited Liability
Company, and shall execute, acknowledge, swear to and file any other documents required under
applicable law.


### 2.  Name

The name of the Limited Liability Company shall be **CB 60 LLC**, and all business of the
Limited Liability Company shall be conducted under said name, or such other name as the
Members from time to time may determine.


### 3.  Purposes

The purposes of the Limited Liability Company are to acquire, own, hold, improve,
manage and operate an Apparel, shoes and accessories Company (the "Company"); to incur
indebtedness, secured and unsecured; to mortgage, finance, refinance, encumber, lease, sell,
exchange, convey, transfer or otherwise deal with or dispose of the Property; to enter into and
perform contracts and agreements of any kind necessary to, in connection with or incidental to the

business of the Limited Liability Company; and to carry on any other activities necessary to, in connection with or incidental to the foregoing, as the Members in their discretion may deem desirable.

### 4. Place of Business

The principal place of business of the Limited Liability Company shall be at ____106        409        East        96th                    Brooklyn        NY 11212_____kings_____, in the County of New York, or at such other or additional places of business within or outside of the State of New York as the Members from time to time may designate. The Members shall notify the other Members of any change of the principal place of business.

The Limited Liability Company hereby designates the Secretary of State of New York as agent of the Limited Liability Company for the service of process. The Limited Liability Company also hereby designates, _____ whose post office address is _____, as the Registered Agents of the Limited Liability Company for service of process.

The Registered Agent may be changed from time to time by the Members by filing the prescribed forms with the appropriate governmental authorities.

### 5. Term

The term of the Limited Liability Company shall commence on the filing of the Articles of Organization of the Limited Liability Company, and the latest date on which the Limited Liability Company is to dissolve is _____PERPETUAL_____, unless said date is extended by amendment of this Agreement or the Limited Liability Company is sooner terminated in accordance with this Agreement.

### 6. Capital Contributions

Each of the Members has contributed to the capital of the Limited Liability Company: The Members shall not be required to make any additional capital contributions.

Except as specifically provided in this Agreement or required by law, no Member shall have the right to withdraw or reduce his contributions to the capital of the Limited Liability Company until the termination of the Limited Liability Company. No Member shall have the right to demand and receive any distribution from the Limited Liability Company in any form other than cash, regardless of the nature of such Member's capital contribution. No Member shall be paid interest on capital contributions to the Limited Liability Company.

The liability of any Member for the losses, debts, liabilities and obligations of the Limited Liability Company shall be limited to paying: the capital contribution of such Member when due under this Agreement; such Member's share of any undistributed assets of the Limited Liability Company; and (only if and to the extent at any time required by applicable law) any amounts previously distributed to such Member by the Limited Liability Company.

## 7.  Loans and Advances by Members

If any Member shall loan or advance any funds to the Limited Liability Company in excess of the capital contribution of such Member prescribed herein, such loan or advance shall not be deemed a capital contribution to the Limited Liability Company and shall not in any respect increase such Member's interest in the Limited Liability Company.

## 8.  Allocations and Distributions

As used in this Agreement, the terms "net profits" and "net losses" shall mean the profits or losses of the Limited Liability Company from the conduct of the Limited Liability Company's business, after all expenses incurred in connection therewith have been paid or provided for, including any allowance for depreciation or amortization of the cost of the Property.

The term "cash receipts" shall mean all cash receipts of the Limited Liability Company from whatever source derived, including without limitation capital contributions made by the Members; the proceeds of any sale, exchange, condemnation or other disposition of all or any part of the Property or other assets of the Limited Liability Company; the proceeds of any loan to the Limited Liability Company; the proceeds of any mortgage or refinancing of any mortgage on all or any part of the Property or other assets of the Limited Liability Company; the proceeds of any insurance policy for fire or other casualty damage payable to the Limited Liability Company; and the proceeds from the liquidation of the Property or other assets of the Limited Liability Company following a termination of the Limited Liability Company.

The term "capital transactions" shall mean any of the following: the sale of all or any part of the Property or other assets of the Limited Liability Company or interests therein; the refinancing or recasting of mortgages or other liabilities of the Limited Liability Company; the condemnation of the Property to the extent the award is not used for restoration; the receipt of insurance proceeds; and any other similar or extraordinary receipts or proceeds which in accordance with generally accepted accounting principles are attributable to capital, including transactions in connection with the termination and dissolution of the Limited Liability Company.

The "capital account" for each Member shall mean the account established, determined and maintained for such Member in accordance with Section 704(b) of the Internal Revenue Code and Treasury Regulation Section 1.704-1(b)(2)(iv). The capital account for each Member shall be **increased by** (1) the amount of money contributed by such Member to the Limited Liability Company, (2) the fair market value of property contributed by such Member to the Limited Liability Company (net of liabilities secured by such contributed property that the

Limited Liability Company is considered to assume or take subject to under Section 752 of the Internal Revenue Code), and (3) allocations to such Member of Limited Liability Company income and gain (or items thereof), including income and gain exempt from tax and income and gain described in Trea. Reg. Section 1.704-1(b)(2)(iv)(g), but excluding income and gain described in subsection (b)(4)(i) of said Regulation, and shall be **decreased by** (4) the amount of money distributed to such Member by the Limited Liability Company, (5) the fair market value of property distributed to such Member by the Limited Liability Company (net of liabilities secured by such distributed property that such Member is considered to assume or take subject to under Section 752 of the Code), (6) allocations to such Member of expenditures of the Limited Liability Company described in Section 705(a)(2)(B) of the Code, and (7) allocations of Limited Liability Company loss and deduction (or items thereof) including loss and deduction described in Trea. Reg. Section 1.704-1(b)(2)(iv)(g), but excluding items described in (6) above and loss or deduction described in subsections (b)(4)(i) or (b)(4)(iii) of said Regulation.  Net profits and net losses of the Limited Liability Company from other than capital transactions, as of the end of any fiscal year or other period, shall be credited or charged to the capital accounts of the Members prior to any charge or credit to said capital accounts for net profits and net losses of the Limited Liability Company from capital transactions as of the end of such fiscal year or other period.  The capital account for each Member shall be otherwise adjusted in accordance with the additional rules of Trea. Reg. Section 1.704-1(b)(2)(iv).

The term "Members' Percentage Interests" shall mean the percentages set forth opposite the name of each Member below:

| Members | Percentage Interest | Capital Contribution | Profit/Loss Share |
|---------|--------------------|--------------------|-------------------|
| _____ Thomas Phillips | 100% | | |

During each fiscal year, the net profits and net losses of the Limited Liability Company (other than from capital transactions), and each item of income, gain, loss, deduction or credit entering into the computation thereof, shall be credited or charged, as the case may be, to the capital accounts of each Member in proportion to the Members' Percentage Interests.  The net profits of the Limited Liability Company from capital transactions shall be allocated in the following order of priority:  (a) to offset any negative balance in the capital accounts of the Members in proportion to the amounts of the negative balance in their respective capital accounts, until all negative balances in the capital accounts have been eliminated; then (b) to the Members in proportion to the Members' Percentage Interests.  The net losses of the Limited Liability Company from capital transactions shall be allocated in the following order of priority:  (a) to the extent that the balances in the capital accounts of any Members are in excess of their original contributions, to such Members in proportion to such excess balances in the capital accounts until all such excess balances have been reduced to zero; then (b) to the Members in proportion to the Members' Percentage Interests.

The cash receipts of the Limited Liability Company shall be applied in the following order of priority: (a) to the payment by the Limited Liability Company of interest or amortization on any mortgages on the Property, amounts due on debts and liabilities of the Limited Liability Company other than to any Member, and operating expenses of the Limited Liability Company; (b) to the payment of interest and amortization due on any loan made to the Limited Liability Company by any Member; (c) to the establishment of cash reserves determined by the Members to be necessary or appropriate, including without limitation reserves for the operation of the Limited Liability Company's business, repairs, replacements, taxes and contingencies; and (d) to the repayment of any loans made to the Limited Liability Company by any Member. Thereafter, the cash receipts of the Limited Liability Company shall be distributed among the Members as hereafter provided.

Except as otherwise provided in this Agreement or required by law, distributions of cash receipts of the Limited Liability Company, other than from capital transactions, shall be allocated among the Members in proportion to the Members' Percentage Interests.

Except as otherwise provided in this Agreement or required by law, distributions of cash receipts from capital transactions shall be allocated in the following order of priority: (a) to the Members in proportion to their respective capital accounts until each Member has received cash distributions equal to any positive balance in his capital account; then (b) to the Members in proportion to the Members' Percentage Interests.

**Special Allocations** -- Notwithstanding the preceding provisions of this Article 8, the following special allocations shall be made in the following order:

(1) <u>Minimum Gain Chargeback</u> -- Except as otherwise provided in Trea. Reg. Section 1.704-2(f), if there is a net decrease in partnership minimum gain (within the meaning of Trea. Reg. Sections 1.704-2(b)(2) and 1.704-2(d)) during any fiscal year, each Member shall be allocated items of the Limited Liability Company's income and gain for such fiscal year (and, if necessary, subsequent fiscal years) in an amount equal to such Member's share of the net decrease in partnership minimum gain, determined in accordance with Trea. Reg. Section 1.704-2(g). Allocations made pursuant to the preceding sentence shall be made in proportion to the respective amounts required to be allocated to each Member pursuant thereto. The items to be so allocated shall be determined in accordance with Trea. Reg. Sections 1.704-2(f)(6) and 1.704-2(j)(2). This provision is intended to comply with the minimum gain chargeback requirement in Trea. Reg. Section 1.704-2(f) and shall be interpreted consistently therewith.

(2) <u>Partner Minimum Gain Chargeback</u> -- Except as otherwise provided in Trea. Reg. Section 1.704-2(i)(4), if there is a net decrease in partner nonrecourse debt minimum gain attributable to a partner nonrecourse debt during any fiscal year, each Member who has a share of the partner nonrecourse debt minimum gain attributable to such partner nonrecourse debt, determined in accordance with Trea. Reg. Section 1.704.2(i)(5), shall be allocated items of the Limited Liability

Company's income and gain for such fiscal year (and, if necessary, subsequent fiscal years) in an amount equal to such Member's share of the net decrease in partner nonrecourse debt minimum gain attributable to such partner nonrecourse debt, determined in accordance with Trea. Reg. Section 1.704-2(i)(4). Allocations made pursuant to the preceding sentence shall be made in proportion to the respective amounts required to be allocated to each Member pursuant thereto. The items to be so allocated shall be determined in accordance with Trea. Reg. Sections 1.704-2(i)(4) and 1.704-2(j)(2). As used herein, "partner nonrecourse debt" has the meaning set forth in Trea. Reg. Section 1.704-2(b)(4). As used herein, "partner nonrecourse debt minimum gain" shall mean an amount, with respect to each partner nonrecourse debt, equal to the partnership minimum gain (within the meaning of Trea. Reg. Sections 1.704-2(b)(2) and 1.704-2(d)) that would result if such partner nonrecourse debt were treated as a nonrecourse liability (within the meaning of Trea. Reg. Section 1.704-2(b)(3)) determined in accordance with Trea. Reg. Section 1.704-2(i)(3). This provision is intended to comply with the minimum gain chargeback requirement in Trea. Reg. Section 1.704-2(i)(4) and shall be interpreted consistently therewith.

(3) <u>Qualified Income Offset</u> -- In the event any Member unexpectedly receives any adjustments, allocations or distributions described in Trea. Reg. Sections 1.704-1(b)(2)(ii)(d)(4), (5) or (6), items of the Limited Liability Company's income and gain shall be allocated to such Member in an amount and manner sufficient to eliminate, to the extent required by the Regulations, any adjusted capital account deficit in such Member's capital account, as quickly as possible, provided that an allocation pursuant to this provision shall be made only if and to the extent that such Member would have an adjusted capital account deficit in such Member's capital account after all other allocations provided for in this Article 8 have been tentatively made as if this provision were not in this Agreement. As used herein, "adjusted capital account deficit" shall mean the deficit balance, if any, in a Member's capital account at the end of the relevant fiscal year after the following adjustments: (i) credit to such capital account the minimum gain chargeback which the Member is obligated to restore pursuant to the penultimate sentences of Trea. Reg. Sections 1.704-2(g)(1) and 1.704-2(i)(5); and (ii) debit to such capital account the items described in Trea. Reg. Sections 1.704-1(b)(2)(ii)(d)(4), (5) and (6). This provision is intended to constitute a qualified income offset within the meaning of Trea. Reg. Section 1.704-1(b)(2)(ii)(d) and shall be interpreted consistently therewith.

(4) <u>Gross Income Allocation</u> -- In the event any Member has a deficit capital account at the end of any fiscal year which is in excess of the sum of the amounts such Member is deemed to be obligated to restore pursuant to the penultimate sentences of Trea. Reg. Sections 1.704-2(g)(1) and 1.704-2(i)(5), each such Member shall be allocated items of the Limited Liability Company's income and gain in the amount of such excess as quickly as possible, provided that an allocation pursuant to this provision shall be made only if and to the extent that such Member would have a deficit in such Member's capital account in excess of such sum after

6

all other allocations provided for in this Article 8 have been tentatively made as if this provision and the provisions of clause (3) above were not in this Agreement.

(5) <u>Nonrecourse Deductions</u> -- Nonrecourse deductions (within the meaning of Trea. Reg. Section 1.704-2(b)(1)) for any fiscal year shall be allocated among the Members in proportion to the Members' Percentage Interests.

(6) <u>Partner Nonrecourse Deductions</u> -- Any partner nonrecourse deductions (within the meaning of Trea. Reg. Sections 1.704-2(b)(1) and 1.704-2(b)(2)) for any fiscal year shall be allocated to the Member who bears the economic risk of loss with respect to the partner nonrecourse debt (within the meaning of Trea. Reg. Section 1.704-2(b)(4)) to which such partner nonrecourse deductions are attributable in accordance with Trea. Reg. Section 1.704-2(i)(1).

(7) <u>Other Mandatory Allocations</u> -- In the event Section 704(c) of the Internal Revenue Code or the Regulations thereunder require allocations in a manner different than that set forth above in this Article 8, the provisions of Section 704(c) and the Regulations thereunder shall control such allocations among the Members.

It is the intention of the Members that the allocations hereunder shall be deemed to have "substantial economic effect" within the meaning of Section 704 of the Internal Revenue Code and Trea. Reg. Section 1.704-1. Should the provisions of this Agreement be inconsistent with or in conflict with Section 704 of the Code or the Regulations thereunder, then Section 704 of the Code and the Regulations shall be deemed to override the contrary provisions hereof. If Section 704 or the Regulations at any time require that limited liability company operating agreements contain provisions which are not expressly set forth herein, such provisions shall be incorporated into this Agreement by reference and shall be deemed a part of this Agreement to the same extent as though they had been expressly set forth herein, and the Members shall amend the terms of this Agreement to add such provisions, and any such amendment shall be retroactive to whatever extent required to create allocations with a substantial economic effect.

## 9.  Books, Records and Tax Returns

At all times during the continuance of the Limited Liability Company, the Members shall keep or cause to be kept complete and accurate records and books of account in which shall be entered each transaction of the Limited Liability Company in accordance with generally accepted accounting principles.

The Limited Liability Company shall furnish to each Member, within seventy-five days after the end of each fiscal year, an annual report of the Limited Liability Company which shall include a balance sheet as of the end of such fiscal year; a profit and loss statement of the Limited Liability Company for such fiscal year; a statement of the balance in the capital account of such Member; and the amount of such Member's share of the Limited Liability Company's income, gain, losses, deductions and other relevant items for federal income tax purposes.

The Limited Liability Company shall prepare or cause to be prepared all federal, state and local income tax and information returns for the Limited Liability Company, and shall cause such tax and information returns to be filed timely with the appropriate governmental authorities. Within seventy-five days after the end of each fiscal year, the Limited Liability Company shall forward to each person who was a Member during the preceding fiscal year a true copy of the Limited Liability Company's information return filed with the Internal Revenue Service for the preceding fiscal year.

All elections required or permitted to be made by the Limited Liability Company under the Internal Revenue Code, and the designation of a tax matters partner pursuant to Section 6231(a)(7) of the Internal Revenue Code for all purposes permitted or required by the Code, shall be made by the Limited Liability Company by the unanimous vote or consent of the Members. The tax matters partner shall take such action as may be necessary to cause each other Member to become a notice member within the meaning of Section 6223 of the Code. The tax matters partner may not take any action contemplated by Sections 6222 through 6232 of the Code without the consent of the Limited Liability Company by the unanimous vote or consent of the Members.

The Limited Liability Company shall furnish to each Member, promptly upon request, a current list of the names and addresses of all of the Members of the Limited Liability Company, and any other persons or entities having any financial interest in the Limited Liability Company.

## 10.  Bank Accounts

All funds of the Limited Liability Company shall be deposited in the Limited Liability Company's name in such bank account or accounts as shall be designated by the Members. Withdrawals from any such bank accounts shall be made only in the regular course of business of the Limited Liability Company and shall be made upon such signature of Farah Hamra from time to time may designate.

## 11.  Management of the Limited Liability Company

The business and affairs of the Limited Liability Company shall be conducted and managed by the Members in accordance with this Agreement and the laws of New York.

Except as expressly provided elsewhere in this Agreement, all decisions respecting the management, operation and control of the business and affairs of the Limited Liability Company and all determinations made in accordance with this Agreement shall be made by the unanimous vote or consent of the Members.

The Members shall devote such time and attention as the Members deem necessary to the conduct and management of the business and affairs of the Limited Liability Company.

Both of the Members together must execute instruments on behalf of the Limited Liability Company for same to be effective.

Notwithstanding any other provision of this Agreement, the Members shall not, without the prior written consent of the unanimous vote or consent of the Members, sell, exchange, lease, assign or otherwise transfer all or substantially all of the assets of the Limited Liability Company; sell, exchange, lease (other than space leases in the ordinary course of business), assign or transfer the Property; mortgage, pledge or encumber the Property other than as expressly authorized by this Agreement; prepay, refinance, modify, extend or consolidate any existing mortgages or encumbrances; borrow money on behalf of the Limited Liability Company in any amount; lend any Limited Liability Company funds or other assets to any person in any amount; confess a judgment against the Limited Liability Company; settle, compromise or release, discharge or pay any claim, demand or debt in excess of $10,000.00, including claims for insurance; approve a merger or consolidation of the Limited Liability Company with or into any other limited liability company, corporation, partnership or other entity: or change the nature or character of the business of the Limited Liability Company.

Each mortgage, loan agreement, note and other instruments executed by or on behalf of the Limited Liability Company with respect to a mortgage or loan affecting the Property shall provide (i) for no personal liability upon the mortgagor or borrower and (ii) that, in the event of default, the mortgagee or lender shall look for repayment thereof only to the Property and not to the Limited Liability Company or any of its Members.

The Limited Liability Company shall purchase insurance against loss or damage to the Property by fire or other risks embraced by extended coverage, in amounts sufficient to prevent the Limited Liability Company from becoming a co-insurer, and shall maintain such other hazard and liability insurance against such risks and in such amounts as customarily is maintained for similar properties in the vicinity of the Property.

The Members shall receive, as compensation for the services of the Members to the Limited Liability Company, such sums as may be determined from time to time by the affirmative vote or consent of Members holding a majority of the Members' Percentage Interests.

## 12. Meetings of Members

The annual meeting of the Members shall be held on the first Tuesday in the month of July, at 10:00 A.M., at the principal office of the Limited Liability Company, for the purpose of transacting such business as may come before the meeting. If the day fixed for the annual meeting shall be a legal holiday, such meeting shall be held on the next succeeding business day.

The Members may by resolution prescribe the time and place for the holding of regular meetings and may provide that the adoption of such resolution shall constitute notice of such regular meetings.

Special meetings of the Members, for any purpose or purposes, may be called by any two Members (or such other number of Members as the Members from time to time may specify).

Written or telephonic notice stating the place, day and hour of the meeting and, in the case of a special meeting, the purpose for which the meeting is called, shall be delivered not less than three days before the date of the meeting, either personally or by mail, to each Member of record entitled to vote at such meeting. When all the Members of the Limited Liability Company are present at any meeting, or if those not present sign a written waiver of notice of such meeting, or subsequently ratify all the proceedings thereof, the transactions of such meeting shall be valid as if a meeting had been formally called and notice had been given.

At any meeting of the Members, the presence of all of the Members, as determined from the books of the Limited Liability Company, represented in person or by proxy, shall constitute a quorum for the conduct of the general business of the Limited Liability Company. However, if any particular action by the Limited Liability Company shall require the vote or consent of some other number or percentage of Members pursuant to this Agreement, a quorum for the purpose of taking such action shall require such other number or percentage of Members. If a quorum is not present, the meeting may be adjourned from time to time without further notice, and if a quorum is present at the adjourned meeting any business may be transacted which might have been transacted at the meeting as originally notified. The Members present at a duly organized meeting may continue to transact business until adjournment, notwithstanding the withdrawal of enough Members to leave less than a quorum.

At all meetings of the Members, a Member may vote by proxy executed in writing by the Member or by a duly authorized attorney-in-fact of the Member. Such proxy shall be filed with the Limited Liability Company before or at the time of the meeting. No proxy shall be valid after three months from the date of execution, unless otherwise provided in the proxy.

If at any time a Member is a corporation, partnership or limited liability company, the interest of such Member may be voted by such officer, partner, agent or proxy of such Member as the bylaws, board directors, or other organization documents of such entity may duly authorize.

A Member of the Limited Liability Company who is present at a meeting of the Members at which action on any matter is taken shall be presumed to have assented to the action taken, unless the dissent of such Member shall be entered in the minutes of the meeting or unless such Member shall file a written dissent to such action with the person acting as the secretary of the meeting before the adjournment thereof or shall forward such dissent by certified mail to the Limited Liability Company within fifteen days after the adjournment of meeting. Such right to dissent shall not apply to a Member who voted in favor of such action.

Unless otherwise provided by law, any action required to be taken at a meeting of the Members, or any other action which may be taken at a meeting of the Members, may be taken without a meeting if a consent in writing, setting forth the action so taken, shall be signed by all of the Members entitled to vote with respect to the subject thereof.

Members of the Limited Liability Company may participate in any meeting of the Members by means of conference telephone or similar communication if all persons participating in such meeting can hear one another for the entire discussion of the matters to be voted upon. Participation in a meeting pursuant to this paragraph shall constitute presence in person at such meeting.

## 13. Assignment of Interests

Except as otherwise provided in this Agreement, no Member or other person holding any interest in the Limited Liability Company may assign, pledge, hypothecate, transfer or otherwise dispose of all or any part of his interest in the Limited Liability Company, including without limitation the capital, profits or distributions of the Limited Liability Company without the prior written consent of the other Members in each instance.

A Member may assign all or any part of such Member's interest in the allocations and distributions of the Limited Liability Company to any of the following (collectively the "permitted assignees"): any other Member; or any person, corporation, partnership or other entity as to which the Limited Liability Company has given consent to the assignment of such interest in the allocations and distributions of the Limited Liability Company by the unanimous vote or consent of the Members. An assignment to a permitted assignee shall only entitle the permitted assignee to the allocations and distributions to which the assigned interest is entitled, unless such permitted assignee applies for admission to the Limited Liability Company and is admitted to the Limited Liability Company as a Member in accordance with this Agreement.

An assignment, pledge, hypothecation, transfer or other disposition of all or any part of the interest of a Member in the Limited Liability Company or other person holding any interest in the Limited Liability Company in violation of the provisions hereof shall be null and void for all purposes.

No assignment, transfer or other disposition of all or any part of the interest of any Member permitted under this Agreement shall be binding upon the Limited Liability Company unless and until a duly executed and acknowledged counterpart of such assignment or instrument of transfer, in form and substance satisfactory to the Limited Liability Company, has been delivered to the Limited Liability Company.

As between a Member and an assignee or transferee of such Member's interest in accordance with this Agreement, allocations and distributions for any fiscal year shall be apportioned as of the date of the assignment or transfer, on the basis of the number of days before and after said date, without regard to the results of the Limited Liability Company's operations before or after the assignment or transfer.

No assignment or other disposition of any interest of any Member may be made if such assignment or disposition, alone or when combined with other transactions, would result in the termination of the Limited Liability Company within the meaning of Section 708 of the Internal Revenue Code or under any other relevant section of the Code or any successor statute. No

assignment or other disposition of any interest of any Member may be made without an opinion of counsel satisfactory to the Limited Liability Company that such assignment or disposition is subject to an effective registration under, or exempt from the registration requirements of, the applicable federal and state securities laws.  No interest in the Limited Liability Company may be assigned or given to any person below the age of 21 years or to a person who has been adjudged to be insane or incompetent.

Anything herein contained to the contrary, the Limited Liability Company shall be entitled to treat the record holder of the interest of a Member as the absolute owner thereof, and shall incur no liability by reason of distributions made in good faith to such record holder, unless and until there has been delivered to the Limited Liability Company the assignment or other instrument of transfer and such other evidence as may be reasonably required by the Limited Liability Company to establish to the satisfaction of the Limited Liability Company that an interest has been assigned or transferred in accordance with this Agreement.

## 14.  Right of First Refusal

~~If a Member desires to sell, transfer or otherwise dispose of all or any part of his interest in the Limited Liability Company, such Member (the "Selling Member") shall first offer to sell and convey such interest to the other Members before selling, transferring or otherwise disposing of such interest to any other person, corporation or other entity.  Such offer shall be in writing, shall be given to every other Member, and shall set forth the interest to be sold, the purchase price to be paid, the date on which the closing is to take place (which date shall be not less than thirty nor more than sixty days after the delivery of the offer), the location within the State of New York at which the closing is to take place, and all other material terms and conditions of the sale, transfer or other disposition.~~

~~Within fifteen days after the delivery of said offer the other Members shall deliver to the Selling Member a written notice either accepting or rejecting the offer.  Failure to deliver said notice within said fifteen days conclusively shall be deemed a rejection of the offer.  Any or all of the other Members may elect to accept the offer, and if more than one of the other Members elects to accept the offer, the interest being sold and the purchase price therefor shall be allocated among the Members so accepting the offer in proportion to their Members' Percentage Interests, unless they otherwise agree in writing.~~

~~If any or all of the other Members elect to accept the offer, then the closing of title shall be held in accordance with the offer and the Selling Member shall deliver to the other Members who have accepted the offer an assignment of the interest being sold by the Selling Member, and said other Members shall pay the purchase price prescribed in the offer.~~

~~If no other Member accepts the offer, or if the Members who have accepted such offer default in their obligations to purchase the interest, then the Selling Member within 120 days after the delivery of the offer may sell such interest to any other person or entity at a purchase price which is not less than the purchase price prescribed in the offer and upon terms and conditions which are substantially the same as the terms and conditions set forth in the offer, provided all~~

~~other applicable requirements of this Agreement are complied with. An assignment of such interest to a person or entity who is not a Member of the Limited Liability Company shall only entitle such person or entity to the allocations and distributions to which the assigned interest is entitled, unless such person or entity applies for admission to the Limited Liability Company and is admitted to the Limited Liability Company as a Member in accordance with this Agreement.~~

~~If the Selling Member does not sell such interest within said 120 days, then the Selling Member may not thereafter sell such interest without again offering such interest to the other Members in accordance with this Article 14.~~

### 15. Admission of New Members

The Members may admit new Members (or transferees of any interests of existing Members) into the Limited Liability Company by the unanimous vote or consent of the Members.

As a condition to the admission of a new Member, such Member shall execute and acknowledge such instruments, in form and substance satisfactory to the Limited Liability Company, as the Limited Liability Company may deem necessary or desirable to effectuate such admission and to confirm the agreement of such Member to be bound by all of the terms, covenants and conditions of this Agreement, as the same may have been amended. Such new Member shall pay all reasonable expenses in connection with such admission, including without limitation reasonable attorneys' fees and the cost of the preparation, filing or publication of any amendment to this Agreement or the Articles of Organization, which the Limited Liability Company may deem necessary or desirable in connection with such admission.

No new Member shall be entitled to any retroactive allocation of income, losses, or expense deductions of the Limited Liability Company. The Limited Liability Company may make pro rata allocations of income, losses or expense deductions to a new Member for that portion of the tax year in which the Member was admitted in accordance with Section 706(d) of the Internal Revenue Code and regulations thereunder.

In no event shall a new Member be admitted to the Limited Liability Company if such admission would be in violation of applicable federal or state securities laws or would adversely affect the treatment of the Limited Liability Company as a partnership for income tax purposes.

### 16. Dissolution and Liquidation

The Limited Liability Company shall terminate upon the occurrence of any of the following: the expiration of the period fixed for the duration of the Limited Liability Company pursuant to Article 5, as the same may be extended by the Members; the election by the Members to dissolve the Limited Liability Company made by the unanimous vote or consent of the

Members; or any other event which pursuant to this Agreement, as the same may hereafter be amended, shall cause a termination of the Limited Liability Company.

The liquidation of the Limited Liability Company shall be conducted and supervised by a person designated for such purposes by the unanimous vote or consent of the Members (the "Liquidating Agent"). The Liquidating Agent hereby is authorized and empowered to execute any and all documents and to take any and all actions necessary or desirable to effectuate the dissolution and liquidation of the Limited Liability Company in accordance with this Agreement.

Promptly after the termination of the Limited Liability Company, the Liquidating Agent shall cause to be prepared and furnished to the Members a statement setting forth the assets and liabilities of the Limited Liability Company as of the date of termination. The Liquidating Agent, to the extent practicable, shall liquidate the assets of the Limited Liability Company as promptly as possible, but in an orderly and businesslike manner so as not to involve undue sacrifice.

The proceeds of sale and all other assets of the Limited Liability Company shall be applied and distributed in the following order of priority: (a) to the payment of the expenses of liquidation and the debts and liabilities of the Limited Liability Company, other than debts and liabilities to Members; (b) to the payment of debts and liabilities to Members; (c) to the setting up of any reserves which the Liquidating Agent may deem necessary or desirable for any contingent or unforeseen liabilities or obligations of the Limited Liability Company, which reserves shall be paid over to an attorney-at-law admitted to practice in the State of New York as escrowee, to be held for a period of two years for the purpose of payment of the aforesaid liabilities and obligations, at the expiration of which period the balance of such reserves shall be distributed as hereinafter provided; (d) to the Members in proportion to their respective capital accounts until each Member has received cash distributions equal to any positive balance in his capital account, in accordance with the rules and requirements of Trea. Reg. Section 1.704-1(b)(2)(ii)(b); and (e) to the Members in proportion to the Members' Percentage Interests.

The liquidation shall be complete within the period required by Trea. Reg. Section 1.704-1(b)(2)(ii)(b).

A taking of all or substantially all of the Property by condemnation or eminent domain shall be treated as a sale of the Property upon the dissolution of the Limited Liability Company. In such event any portion of the Property not so taken shall be sold, and the proceeds of such sale and the award for such taking shall be distributed in the manner provided for in this Article 16.

For purposes of allocating gain on the sale of the Property and other assets of the Limited Liability Company, gain shall be first allocated to the Members to the extent cash or other property was distributed to them pursuant to this Article 16 and the balance of such gain shall be allocated in proportion to the Members' Percentage Interests.

Upon compliance with the distribution plan, the Members shall cease to be such, and the Limited Liability Company shall execute, acknowledge and cause to be filed such certificates and other instruments as may be necessary or appropriate to evidence the dissolution and termination of the Limited Liability Company.

## 17.  Representations of Members

Each of the Members represents, warrants and agrees that the Member is acquiring the interest in the Limited Liability Company for the Member's own account for investment purposes only and not with a view to the sale or distribution thereof; the Member, if an individual, is over the age of 21; if the Member is an organization, such organization is duly organized, validly existing and in good standing under the laws of its state of organization and that it has full power and authority to execute this Agreement and perform its obligations hereunder; the execution and performance of this Agreement by the Member does not conflict with, and will not result in any breach of, any law or any order, writ, injunction or decree of any court or governmental authority against or which binds the Member, or of any agreement or instrument to which the Member is a party; and the Member shall not dispose of such interest or any part thereof in any manner which would constitute a violation of the Securities Act of 1933, the Rules and Regulations of the Securities and Exchange Commission, or any applicable laws, rules or regulations of any state or other governmental authorities, as the same may be amended.

## 18.  Notices

All notices, demands, requests or other communications which any of the parties to this Agreement may desire or be required to give hereunder shall be in writing and shall be deemed to have been properly given if sent by Federal Express courier or by registered or certified mail, return receipt requested, with postage prepaid, addressed as follows:  (a) if to the Limited Liability Company, to the Limited Liability Company at the principal place of business of the Limited Liability Company heretofore stated or to such other address or addresses as may be designated by the Limited Liability Company by notice to the Members pursuant to this Article 18; and (b) if to any Member, to the address of said Member first above written, or to such other address as may be designated by said Member by notice to the Limited Liability Company and the other Members pursuant to this Article 18.

## 19.  Amendments

This Agreement may not be altered, amended, changed, supplemented, waived or modified in any respect or particular unless the same shall be in writing and agreed to by the unanimous vote or consent of the Members.  No amendment may be made to Articles 6, 8, 13 and 16 hereof, insofar as said Articles apply to the financial interests of the Members, except by the vote or consent of all of the Members.  No amendment of any provision of this Agreement relating to the voting requirements of the Members on any specific subject shall be made without the

affirmative vote or consent of at least the number or percentage of Members required to vote on such subject.

## 20. Miscellaneous

This Agreement and the rights and liabilities of the parties hereunder shall be governed by and determined in accordance with the laws of the State of New York. If any provision of this Agreement shall be invalid or unenforceable, such invalidity or unenforceability shall not affect the other provisions of this Agreement, which shall remain in full force and effect.

The captions in this Agreement are for convenience only and are not to be considered in construing this Agreement. All pronouns shall be deemed to be the masculine, feminine, neuter, singular or plural as the identity of the person or persons may require. References to a person or persons shall include partnerships, corporations, limited liability companies, unincorporated associations, trusts, estates and other types of entities.

This Agreement, and any amendments hereto may be executed in counterparts all of which taken together shall constitute one agreement.

This Agreement sets forth the entire agreement of the parties hereto with respect to the subject matter hereof. It is the intention of the Members that this Agreement shall be the sole source of agreement of the parties, and, except to the extent a provision of this Agreement provides for the incorporation of federal income tax rules or is expressly prohibited or ineffective under the New York Limited Liability Company Act, this Agreement shall govern even when inconsistent with, or different from, the provisions of any applicable law or rule. To the extent any provision of this Agreement is prohibited or otherwise ineffective under the New York Limited Liability Company Act, such provision shall be considered to be ineffective to the smallest degree possible in order to make this Agreement effective under the New York Limited Liability Company Act. If the New York Limited Liability Company Act is subsequently amended or interpreted in such a way to make any provision of this Agreement that was formerly invalid valid, such provision shall be considered to be valid from the effective date of such interpretation or amendment.

Subject to the limitations on transferability contained herein, this Agreement shall be binding upon and inure to the benefit of the parties hereto and to their respective heirs, executors, administrators, successors and assigns.

No provision of this Agreement is intended to be for the benefit of or enforceable by any third party.

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement on the date first above written.

**In the presence of:**

_____

_____

~~Dylan Ray~~   Ivylin Larmer        11/20/23

x _Thomas Phillip_   x _Thomas Phillip_        11/20/23

_____

_____

STATE OF NEW YORK, COUNTY OF        KINGS          , ss.

On the   20 ᵀᴴ day of October 2023 before me, the undersigned notary public, personally appeared                    , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Notary Public
My commission expires on   11/20/2023

STATE OF NEW YORK, COUNTY OF KINGS          , ss.

On the   20th day October 2023,  before me, the undersigned notary public, personally appeared                                , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Notary Public
My commission expires on   11/20/2023

FITZROY A HALL
NOTARY PUBLIC, STATE OF NEW YORK
NO 24-4971261
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES AUG 27,

FITZROY A HALL
NOTARY PUBLIC, STATE OF NEW YORK
NO 24-4971261
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES AUG 27, 20

11/20/23

19

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
CINCINNATI  OH   45999-0023

Date of this notice:  06-15-2020

Employer Identification Number:
85-1428570

Form:  SS-4

Number of this notice:  CP 575 A

CB 60 LLC
IVYLIN LARMAN SOLE MBR
93 E 38TH ST
BROOKLYN, NY  11203

For assistance you may call us at:
1-800-829-4933

IF YOU WRITE, ATTACH THE
STUB AT THE END OF THIS NOTICE.


                    WE ASSIGNED YOU AN EMPLOYER IDENTIFICATION NUMBER

        Thank you for applying for an Employer Identification Number (EIN).  We assigned you
EIN 85-1428570.  This EIN will identify you, your business accounts, tax returns, and
documents, even if you have no employees.  Please keep this notice in your permanent
records.

        When filing tax documents, payments, and related correspondence, it is very important
that you use your EIN and complete name and address exactly as shown above.  Any variation
may cause a delay in processing, result in incorrect information in your account, or even
cause you to be assigned more than one EIN.  If the information is not correct as shown
above, please make the correction using the attached tear off stub and return it to us.

        Based on the information received from you or your representative, you must file
the following form(s) by the date(s) shown.

                Form 941                    10/31/2020
                Form 940                    01/31/2021

        If you have questions about the form(s) or the due date(s) shown, you can call us at
the phone number or write to us at the address shown at the top of this notice.  If you
need help in determining your annual accounting period (tax year), see Publication 538,
*Accounting Periods and Methods*.

        We assigned you a tax classification based on information obtained from you or your
representative.  It is not a legal determination of your tax classification, and is not
binding on the IRS.  If you want a legal determination of your tax classification, you may
request a private letter ruling from the IRS under the guidelines in Revenue Procedure
2004-1, 2004-1 I.R.B. 1 (or superseding Revenue Procedure for the year at issue).  Note:
Certain tax classification elections can be requested by filing Form 8832, *Entity
Classification Election*.  See Form 8832 and its instructions for additional information.

        If you are required to deposit for employment taxes (Forms 941, 943, 940, 944, 945,
CT-1, or 1042), excise taxes (Form 720), or income taxes (Form 1120), you will receive a
Welcome Package shortly, which includes instructions for making your deposits
electronically through the Electronic Federal Tax Payment System (EFTPS).  A Personal
Identification Number (PIN) for EFTPS will also be sent to you under separate cover.
Please activate the PIN once you receive it, even if you have requested the services of a
tax professional or representative.  For more information about EFTPS, refer to
Publication 966, *Electronic Choices to Pay All Your Federal Taxes*.  If you need to
make a deposit immediately, you will need to make arrangements with your Financial
Institution to complete a wire transfer.

(IRS USE ONLY)    575A              06-15-2020  CB60  B  9999999999  SS-4

        The IRS is committed to helping all taxpayers comply with their tax filing
obligations.  If you need help completing your returns or meeting your tax obligations,
Authorized e-file Providers, such as Reporting Agents (payroll service providers) are
available to assist you.  Visit the IRS Web site at www.irs.gov for a list of companies
that offer IRS e-file for business products and services.  The list provides addresses,
telephone numbers, and links to their Web sites.

        To obtain tax forms and publications, including those referenced in this notice,
visit our Web site at www.irs.gov.  If you do not have access to the Internet, call
1-800-829-3676 (TTY/TDD 1-800-829-4059) or visit your local IRS office.

**IMPORTANT REMINDERS:**

        *  Keep a copy of this notice in your permanent records.  **This notice is issued only
           one time and the IRS will not be able to generate a duplicate copy for you.**  You
           may give a copy of this document to anyone asking for proof of your EIN.

        *  Use this EIN and your name exactly as they appear at the top of this notice on all
           your federal tax forms.

        *  Refer to this EIN on your tax-related correspondence and documents.

        If you have questions about your EIN, you can call us at the phone number or write to
us at the address shown at the top of this notice.  If you write, please tear off the stub
at the bottom of this notice and send it along with your letter.  If you do not need to
write us, do not complete and return the stub.

        Your name control associated with this EIN is CB60.  You will need to provide this
information, along with your EIN, if you file your returns electronically.

        Thank you for your cooperation.

                        Keep this part for your records.        CP 575 A (Rev. 7-2007)

--------------------------------------------------------------------------------------------

        Return this part with any correspondence
so we may identify your account.  Please                              CP 575 A
correct any errors in your name or address.
                                                                    9999999999

        Your Telephone Number  Best Time to Call  DATE OF THIS NOTICE:  06-15-2020
        (    )     -                              EMPLOYER IDENTIFICATION NUMBER:  85-1428570
        _____  _____     FORM:  SS-4              NOBOD

        INTERNAL REVENUE SERVICE                  CB 60 LLC
        CINCINNATI  OH   45999-0023               IVYLIN LARMAN SOLE MBR
        ılıldıldıldıldıldıldııdlııodılıldıldıl    93 E 38TH ST
                                                  BROOKLYN, NY  11203

# Department of State
## Division of Corporations

## Entity Filing History

[ Return to Results ]    [ Return to Search ]

| Entity Details | ^ |
|---|---|

**ENTITY NAME:** CB 60 LLC

**DOS ID:** 5762851

**FOREIGN LEGAL NAME:**

**FICTITIOUS NAME:**

**ENTITY TYPE:** DOMESTIC LIMITED LIABILITY COMPANY

**DURATION DATE/LATEST DATE OF DISSOLUTION:**

**SECTIONOF LAW:** 203 LLC - LIMITED LIABILITY COMPANY LAW

**ENTITY STATUS:** ACTIVE

**DATE OF INITIAL DOS FILING:** 06/08/2020

**REASON FOR STATUS:**

**EFFECTIVE DATE INITIAL FILING:** 06/08/2020

**INACTIVE DATE:**

**FOREIGN FORMATION DATE:**

**STATEMENT STATUS:** PAST DUE

**COUNTY:** NEW YORK

**NEXT STATEMENT DUE DATE:** 06/30/2022

**JURISDICTION:** NEW YORK, UNITED STATES

**NFP CATEGORY:**

| ENTITY DISPLAY | NAME HISTORY | FILING HISTORY | MERGER HISTORY | ASSUMED NAME HISTORY |
|---|---|---|---|---|

Search

| File Date | Cert Code | Document Type | Description/Amended Information | Page Count | File Number |
|---|---|---|---|---|---|
| 06/08/2020 | 01 | ARTICLES OF ORGANIZATION | | 1 | 200608020101 |

Rows per page    5 ▼    1-1 of 1    ‹    ›

# Department of State
## Division of Corporations

## Entity Information

[ Return to Results ]   [ Return to Search ]

### Entity Details

**ENTITY NAME:** CB 60 LLC

**DOS ID:** 5762851

**FOREIGN LEGAL NAME:**

**FICTITIOUS NAME:**

**ENTITY TYPE:** DOMESTIC LIMITED LIABILITY COMPANY

**DURATION DATE/LATEST DATE OF DISSOLUTION:**

**SECTIONOF LAW:** 203 LLC - LIMITED LIABILITY COMPANY LAW

**ENTITY STATUS:** ACTIVE

**DATE OF INITIAL DOS FILING:** 06/08/2020

**REASON FOR STATUS:**

**EFFECTIVE DATE INITIAL FILING:** 06/08/2020

**INACTIVE DATE:**

**FOREIGN FORMATION DATE:**

**STATEMENT STATUS:** PAST DUE

**COUNTY:** NEW YORK

**NEXT STATEMENT DUE DATE:** 06/30/2022

**JURISDICTION:** NEW YORK, UNITED STATES

**NFP CATEGORY:**

**ENTITY DISPLAY**   NAME HISTORY   FILING HISTORY   MERGER HISTORY   ASSUMED NAME HISTORY

### Service of Process on the Secretary of State as Agent

The Post Office address to which the Secretary of State shall mail a copy of any process against the corporation served upon the Secretary of State by personal delivery:

**Name:** IVYLIN LARMAN

**Address:** 93 EAST 38ST, BROOKLYN, NY, UNITED STATES, 11203

**Electronic Service of Process on the Secretary of State as agent: Not Permitted**

### Chief Executive Officer's Name and Address

**Name:**

**Address:**

### Principal Executive Office Address

**Address:**

### Registered Agent Name and Address

**Name:**

Address:

## Entity Primary Location Name and Address

Name:

Address:

## Farmcorpflag

**Is The Entity A Farm Corporation:**  NO

## Stock Information

| Share Value | Number Of Shares | Value Per Share |
|---|---|---|